IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
**IN ADMIRALTY**

| | |
|---|---|
| In the Matter of Defiance Charters, LLC, as Owners of the M/V POLARIS for Exoneration from or Limitation of Liability | § § § § § § § § § § § § |
|  | Civil Action No. |

§ § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §

**COMPLAINT FOR EXONERATION FROM OR
LIMITATION OF LIABILITY**

COME NOW the Petitioner, Defiance Charters, LLC, hereinafter "Owner", as Owner of "Polaris", one 2001 74' Sunseeker Motor Yacht, USCG Official No. 1254183, hereinafter "Vessel", by and through undersigned counsel, and pursuant to the provisions of 46 U.S.C. § 30501 *et seq*. and Supplemental Admiralty Rule F, Petition this Court for Exoneration from, or in the alternative for Limitation of Liability to the value of the interest of the Petitioner in said vessel, for all claims arising from a fire on the vessel on or around July 26, 2019, on or near the waters of Broward County, Florida, and as grounds therefore state:

**SUMMARY OF ACTION**

This is an action in Admiralty to exonerate or alternatively, to limit the liability of Defiance Charters, LLC, the owner of a motor vessel which regrettably caught fire on July 26, 2019 at its berth on the water's edge of Marina Mile Yachting Center in Fort Lauderdale, which fire is alleged to have damaged several neighboring floating vessels as well as vessels hauled out of the water at Marina Mile. This action is brought pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, which limits the liability of a vessel owner to the post-casualty net value

1

of the Vessel and pending freight, which in this case is equal to or less than one dollar. The Vessel was, by all accounts, a total loss by the time the fire was extinguished. By operation of the Shipowners' Limitation of Liability Act, Defiance Charters, LLC is entitled to a judgment exonerating it or limiting its liability, if any, to a maximum of one dollar.

## JURISDICTION AND VENUE

1. This action arises within the Admiralty and Maritime Jurisdiction of this Court within the meaning of Federal Rule of Civil Procedure 9(h) as more fully appears below and is brought by Petitioner pursuant to the terms of the Limitation of Liability Act and Federal Rule of Civil Procedure, Supplemental Admiralty Rule F, governing Limitation of Liability actions.

2. Subject Matter Jurisdiction in this matter arises under 28 U.S.C. § 1333, Admiralty Jurisdiction.

3. The Court has Admiralty Jurisdiction over tort claims which may be brought against the Vessel or its Owner where the Vessel fire occurred adjacent to navigable waters, and allegedly caused damage to the vessels both in the water and hauled out of the water. Further, the general features of the incident had a potentially disruptive impact on maritime commerce, and the general character of the activity giving rise to the incident showed a substantial relationship to traditional activity.

4. The Court also has Admiralty Jurisdiction over both contract and tort claims which may be made by parties who allege a maritime contract existed concerning the vessel's storage, maintenance, repairs, or management. Petitioner is aware of several such contracts upon which such claims may be expected.

5. Subject Matter Jurisdiction in this matter also arises under 28 U.S.C. § 1332, Diversity Jurisdiction, where there is complete diversity between the Petitioner/Plaintiff, which is

a Delaware LLC, and the expected claimants in this action.

6. Venue is proper in this Court pursuant to Supplemental Rule F(9), as the Vessel is currently within the Southern District of Florida.

7. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391, where a substantial part of the events giving rise to the expected claims – namely the Vessel fire – and a substantial part of the property that is the subject of the expected claims – namely the Vessel and the other vessels allegedly damaged by the fire – are situated within the Southern District of Florida.

8. At all times material hereto, Petitioner was the Owner of Vessel. At all times material hereto, the Vessel is and has been located in the State of Florida within the territorial limits of the United States District Court for the Southern District of Florida.

## **FACTS**

9. Prior to and at all times hereinafter described, Petitioner exercised due diligence to make the Vessel seaworthy in all respects and to equip and supply the vessel appropriately, all in good order, condition and suitable for its intended operations.

10. At the time of the casualty and at all times material prior to the casualty, the Vessel was, in all respects, seaworthy and properly manned, and had other appropriate and necessary equipment, all in good order and condition and suitable for its intended operations.

11. On July 26, 2019, the Vessel was hauled out on a concrete dock at the water's edge.

12. On July 26, 2019, the Vessel was being repaired by Florida Yacht Management, LLC, with whom the Owner had contracted to provide yacht management services.

13. The Owner of the Vessel was aware of some work being performed on July 26, 2019 by Florida Yacht Management and its various subcontractors; however; owner lacked knowledge of specifics.

14. Upon information and belief, the work being performed was to remedy the damage caused to the Vessel by Florida Yacht Maintenance prior in the season.

15. While the Vessel was being repaired, a fire broke out aboard the Vessel.

16. Several neighboring vessels, both in the water and hauled out of the water, are alleged to have been damaged as a result of the fire.

17. Other property, including property belonging to the marina, may also be alleged to have been damaged as a result of fire.

18. The Vessel itself was destroyed as a result of fire, and is by all accounts a total loss.

19. The Petitioner is the owner of the Vessel.

20. The casualty was incurred without Petitioner's privity or knowledge.

21. No act or omission by the Petitioner contributed in any way to the cause of the fire.

22. The fire and any damages which may be claimed as a result were not caused or contributed by any negligence, fault, or lack of due care by the Petitioner or the Vessel.

23. The approximate net Fair Market Value of the remains of the vessel is equal to or less than one dollar. *See* Exhibit 1, *Affidavit of Marine Surveyor Anthony Beveridge.*

24. Petitioner has received written notice of several potential claims arising from the fire within the meaning of Supplemental Admiralty Rule F against Petitioner.

25. Petitioner is unaware of any legal proceedings, actions, or other formal claims which have been instituted arising from the casualty at this time.

26. Petitioner is unaware of the total amount of claims which may be made against the Vessel or its Owner as not all claims have included a fixed monetary demand, however based on the fact that the Vessel itself was a total loss following the fire, is valued at one dollar or less, and that the claims which are expected to be made for damages are certainly alleged at greater than

one dollar, it is believed that these claims will seek a total greater than that for which Petitioner may be legally responsible or required to pay pursuant to the applicable statutes governing exoneration from or limitation of liability.

### COUNT I
### Exoneration

27. Petitioner reasserts and re-alleges each and every allegation set forth in the foregoing paragraphs as if more fully set forth at length herein.

28. At all times material prior to the alleged Incident, the Petitioner exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with appropriate and necessary equipment, all in good condition and suitable for its intended operations.

29. The Vessel was, at all times relevant to the alleged casualty described herein, seaworthy and free of any serious defect or deficiency in her hull, equipment and machinery.

30. Petitioner employed, and/or contracted to employ, regular inspection practices to ensure the Vessel was properly equipped and outfitted at all times material to the subject Incident.

31. There was no negligence on the part of the Petitioner that caused or contributed to any alleged injury or loss or damage sustained as a result of the Vessel fire, or any other potential claimant herein.

32. At all times material hereto, Petitioner exercised reasonable care under the circumstances.

33. Pursuant to Supplemental Rule F, Petitioner alleges it is entitled to exoneration from any claims made against themselves or the Vessel for damages arising from the casualty.

### COUNT II
### Limitation of Liability

34. Petitioner reasserts and re-alleges each and every allegation set forth in the foregoing paragraphs as if more fully set forth at length herein.

35. Pursuant to 46 U.S.C. §§ 30505 and 30511, Petitioner, in the alternative, is entitled to limitation to the amount or value of the interest of said Petitioner in the Vessel following the Incident resulting in injury or loss of life, or other potential claims arising from the casualty as the casualty occurred without the privity or knowledge of Petitioner within the meaning of 46 U.S.C. § 30505.

36. The Vessel was within the jurisdiction of this Court at the time of the casualty.

37. Petitioner avers the value of the Vessel at the time of the Incident is no more than One Dollar ($1.00) as reflected in the *Ad Interim* Stipulation of Value and Stipulation for Costs filed concurrently with this Court.

38. Pursuant to Supplemental Admiralty Rule F(1) and Local Admiralty Rule F(1), Petitioner concurrently files its *Ad Interim* Stipulation of Value, and shall deposit with the Clerk of the Court of one dollar as the amount of the Owner's interest in the post-casualty value of the vessel, together with a deposit with the Clerk of the Court of $1,000 as Security for Costs.

WHEREFORE Petitioner, respectfully requests:

A. That, upon filing of this Complaint, the Court enter the attached Order permitting Petitioner to file their *Ad Interim* Stipulation for Value in the form of a cash deposit of one dollar as the post-casualty value of the vessel, and Security for Costs in the amount of $1,000, to be continued in full force and effect until and unless the value of the Petitioner' interest in the Vessel might be more fully determined by due appraisal ordered by the Court, if requested, in which event Petitioner shall thereupon either pay the additional amount into Court or provide additional or superseding security

acceptable to the Court sufficient fully to cover such appraisal;

B. That, upon filing of this Complaint, the Court enter the attached Order directing that a Notice be issued pursuant to Supplemental Rule F(4) to all persons or entities claiming loss, damage, or injury occasioned or incurred by or in any way resulting from the occurrence described in this Complaint, or otherwise asserting any claim against Petitioner or the Vessel, with respect to which the Petitioner seek exoneration from or limitation of liability herein, admonishing them to appear and file their respective claims with this Court no less than 30 days after the Court issues its Order, pursuant to Supplemental Admiralty Rule F(4), and to serve on or mail copies thereof to the attorneys for the Petitioner on or before the date to be specified in the Notice, to file their respective answers, if any, to the allegations of this Complaint on or before the date to be specified in the Notice, or else be hereby and forever defaulted, with prejudice, from bringing their claims for failure to enter their claims within the time ordered by the Court;

C. That, upon filing of this Complaint, the Court enter the attached Order restraining the commencement or further prosecution of any and all suits, actions, and proceedings that may have been commenced in any court or administrative body whatsoever to recover damages for any and all loss, damage, or injury occasioned or incurred by or in any way resulting from the casualty or occurrence, and restraining the commencement or prosecution thereafter of any such suit, action, or proceeding of any nature or description, except within this action, against Petitioner or the Vessel, as provided under Supplemental Admiralty Rule F(3), and further directing that Notice be published and be mailed to claimants, all as provided by Supplemental Admiralty Rule

F(4) and Local Admiralty Rule F(1);

D. That the Court find that the Petitioner and Vessel in this proceeding are not liable to any extent upon any of the claims made or that may be made as described above, or, if the Petitioner are found liable, then that any such liability is limited to the post-casualty value of the Vessel (namely, one dollar), the proceeds therefrom being divided *pro rata* among any Claimants as may be proved in such manner as the Court may direct, saving to them such priorities as the law may allow, and that the Court enter an Order discharging the Petitioner and the Vessel from any and all further liability;

E. That the Court grant Petitioner such other and further relief as it may deem appropriate; and

F. That in order to effectuate the above prayer and initiate the Limitation Proceeding, the following proposed Orders and Notices filed by Petitioner be entered:

   a. That the Court enter the proposed Order approving Petitioner's *Ad Interim* Stipulation for Value and Costs and ordering Petitioner to make such deposit with the Court;

   b. That upon the Petitioner's deposit of funds with the Court, the Court enter the proposed Monition and Injunction, pursuant to Local Admiralty Rule F(1); and

   c. That the Clerk enter the proposed Notice to Claimants pursuant to Supplementary Admiralty Rule F(4).

Respectfully Submitted
December 6, 2019
.

_____/s/_____
Melaina Diane Haisfield
FL. Bar No. 20933
Lochner Law Firm, P.C.

8

91 Main St., 4th Floor
Annapolis, MD 21401
T: (443) 716-4400
F: (443) 716-4405
mhaisfield@boatinglaw.com

Todd D. Lochner
(MD Bar No. 25691)
tlochner@boatinglaw.com
Lochner Law Firm, P.C.
91 Main Street, 4th Floor
Annapolis, MD 21401
(443) 716-4400
*Pro Hac Vice to be Filed*

*Attorneys for the Petitioner*